## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CHATERA HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-1086 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF PEORIA, | ) | |
| Peoria Police Officer | ) | |
| DAVID LOGAN, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Peoria, Illinois.

5. Defendant-Officer DAVID LOGAN ("Defendant LOGAN") is a duly appointed and sworn Peoria police officer. At all times relevant to this Complaint, Defendant LOGAN was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. Defendant LOGAN is sued in his individual capacity.

7. Defendant CITY OF PEORIA is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant LOGAN.

**Facts**

8. On or about June 15, 2013, Plaintiff was on her way to her grandmother's house located in the 1800 block of South Kneer Avenue in Peoria, Illinois.

9. While on the 2400 block of Grinnell Street, Plaintiff observed Peoria police officer Nicholas Mason restraining her cousin, Sephus, with a choke hold.

10. Plaintiff parked her car and approached Officer Mason and her cousin.

11. Officer Mason asked Plaintiff if she knew Sephus.

12. Plaintiff informed officer Mason that Sephus was her cousin and that Sephus suffered from mental illness.

13. Plaintiff attempted to calm Sephus down and listen to officer Mason.

14. At this time, Defendant LOGAN and Peoria police officer Logan Grayson arrived on the scene.

15. Defendant LOGAN exited his squad car and approached Officer Mason and Sephus.

16. Defendant LOGAN and Officer Mason violently pushed Sephus to the ground.

17. Officer Grayson grabbed Sephus's legs.

18. All three officers sat on Sephus and kneed her while Defendant LOGAN and Officer Mason pulled at Sephus's arms.

19. Plaintiff stepped closer to the officers and told them that they did not need to treat Sephus like that as she is mentally ill.

20. Defendant LOGAN told Plaintiff to "shut the fuck up" and "get the hell out of here."

21. Plaintiff told Defendant LOGAN that he did not need to speak to her like that.

22. Defendant LOGAN got up from the ground and aggressively approached Plaintiff.

23. While approaching Plaintiff, Defendant LOGAN reached for Plaintiff.

24. Plaintiff tried to back away from Defendant LOGAN and leave the scene.

25. While Plaintiff was backing away, Defendant LOGAN called Plaintiff a "bitch" and punched her in the face with a closed fist.

26. Defendant LOGAN then slammed Plaintiff to the ground.

27. Plaintiff was not resisting or fighting with Defendant LOGAN at the time he grabbed her and slammed her to the ground.

28. A citizen on the street captured the incident on his cellular phone.

29. While on the ground, Defendant LOGAN continued to call Plaintiff "bitch."

30. Defendant LOGAN kneed Plaintiff in the side and punched her in the back of the head and used his forearm to smash Plaintiff's head into the concrete.

31. Plaintiff was not resisting or fighting with Defendant LOGAN when he kneed her, struck her, and smashed her head into the concrete.

32. Defendant LOGAN handcuffed Plaintiff.

33. After Plaintiff was handcuffed, Defendant LOGAN continued to antagonize Plaintiff by calling her names, and referred to her as an "animal."

34. While handcuffed and sitting down on the ground, Defendant LOGAN yanked Plaintiff up by her arm. Prior to yanking Plaintiff up from the ground, Defendant LOGAN never asked her to stand up on her own.

35. Defendant LOGAN placed Plaintiff into the rear of his squad car. The manner in which Defendant LOGAN placed Plaintiff into his squad car did not follow policy.

36. Defendant LOGAN drove Plaintiff over to the corner of Griswold and Adams. During the car ride, Defendant LOGAN continued to berate Plaintiff and call her names.

37. When Defendant LOGAN learned that Plaintiff did not live in the area where the incident occurred, he told Plaintiff that she should have "kept [her] ass" on her own street.

38. Plaintiff was transported to the Peoria County Jail and processed.

39. After Plaintiff was released from the Peoria County Jail, she went to the hospital to receive treatment for the injuries caused by Defendant LOGAN.

40. Defendant LOGAN completed a police report regarding the arrest of Plaintiff. Defendant LOGAN again violated policy by not documenting all of the force he used against Plaintiff, such as using his forearm to smash her head into the concrete.

41. Defendant LOGAN acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

42. As a direct and proximate result of the acts of Defendant LOGAN described

above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

### COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

43. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant LOGAN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant LOGAN,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
### (State Law Claim for Assault)

45. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant LOGAN,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (State Law Claim for Battery)

46. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

47. Defendant LOGAN intended to cause harmful or offensive contact with Plaintiff.

48. As a result of Defendant LOGAN's harmful or offensive contact, Plaintiff was injured.

49. Plaintiff did not consent to Defendant LOGAN's harmful or offensive contact.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant LOGAN,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

50. The acts of Defendant LOGAN described in the above state law claims for assault and battery were willful and wanton, and committed in the scope of employment.

51. Pursuant to *respondeat superior*, Defendant CITY OF PEORIA is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF PEORIA, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52. The acts of Defendant LOGAN described in the above claims were willful and wanton, and committed in the scope of employment.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF PEORIA is liable for any judgments for compensatory damages in this case arising from Defendant LOGAN's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF PEORIA to indemnify Defendant LOGAN for any judgment for compensatory damages in this case arising from Defendant LOGAN's actions.

**Jury Trial Demanded**

                                        Respectfully submitted,

                                        /s/ Louis J. Meyer
                                        *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Boulevard, Suite 856
Chicago, Illinois 60604
t. 312.765.0100
f. 312.765.0104
e. louismeyer@meyerkiss.com